IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS MANUEL HERNANDEZ, GILBERTO HERNANDEZ, and all others similarly situated under 29 U.S.C. § 216(b), | §<br>§<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| V. | §<br>§ | No. 3:17-cv-2057-L |
| ARC TRADING COMPANY; WENRU YOU; and ANN YOU, | §<br>§<br>§<br>§ | |
| Defendant. | §<br>§ | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Luis Manuel Hernandez has filed a Motion to Ratify Opt-In Notice of Gilberto Hernandez Pursuant to 29 U.S.C. § 216(b). *See* Dkt. No. 9 (the "Motion to Ratify"). United States District Judge Sam A. Lindsay has referred the Motion to Ratify to the undersigned United States magistrate judge for a hearing, if necessary, and for determination under 28 U.S.C. § 636. *See* Dkt. No. 15.

Defendants ARC Trading Company and Wenru You, a/k/a Ann You filed a response, *see* Dkt. No. 13, and Plaintiff Luis Manuel Hernandez has not filed a reply, and his time to do has passed.

For the reasons and to the extent explained below, the Court GRANTS Plaintiff Luis Manuel Hernandez's Motion to Ratify Opt-In Notice of Gilberto Hernandez Pursuant To 29 U.S.C. § 216(b) [Dkt. No. 9].

-1-

## Background

Plaintiff Luis Manuel Hernandez ("L. Hernandez") filed his Complaint in this case on August 3, 2017, bringing a claim for overtime wage violations pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216. *See* Dkt. No. 1.

On September 29, 2017, Gilberto Hernandez ("G. Hernandez") filed his notice of opt-in consent under 29 U.S.C. § 216(b), claiming to be a similarly situated employee. *See* Dkt. No. 8.

Plaintiff L. Hernandez then filed his Motion to Ratify on October 3, 2017, explaining that "Gilberto Hernandez has filed the requisite consent form to become a party to this lawsuit and a separate amended complaint need not be filed on his behalf" and requesting "that this Court ratify said opt-in consent form and deem Gilberto Hernandez as an opt-in plaintiff from the time of the filing of his opt-in notice with this Court." Dkt. No. 9 at 2.

Defendants then filed an answer and counterclaim on October 4, 2017, *see* Dkt. No. 10, and later filed a response in opposition to the Motion to Ratify on October 24, 2017, *see* Dkt. No. 13.

On October 25, 2017, L. Hernandez and G. Hernandez together filed the First Amended Complaint Under 29 U.S.C. §§ 201- 216 Overtime Wage Violations on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b). *See* Dkt. No. 15.

## Legal Standards and Analysis

It appears that, through the Motion to Ratify, L. Hernandez asks the Court to formally acknowledge G. Hernandez's joining this FLSA action as an opt-in plaintiff under 29 U.S.C. § 216(b) as of September 29, 2017.

Defendants oppose as follows:

1.     On September 29, 2017, Gilberto Hernandez ("G. Hernandez"), filed his opt-in notice pursuant to 29 U.S.C. § 216(b) (the "Opt-In Affidavit"), as asking to be added as a Plaintiff in the above-referenced cause, along with Plaintiff Luis Hernandez ("L. Hernandez"). *See* Exhibit A to Plaintiff's Notice of Filing Opt-In Consent Form for Gilberto Hernandez. [Doc. # 8].

2.     G. Hernandez and L. Hernandez are brothers.

3.     In his complaint, L. Hernandez alleges he was a warehouse worker and driver for ARC Trading Company from 2011 to July 15, 2017. See Plaintiff's Original Complaint. [Doc. #1]. In his Opt-In Affidavit, G. Hernandez alleges he worked as a Fork Lift Operator and Warehouse and Floor employee for ARC Trading from about January 2013 – March of 2015. [Doc. #8].

4.     Plaintiff has not moved for conditional certification of the purported collective action.

5.     Defendants object to G. Hernandez's inclusion within the collective-action class because his claims for unpaid overtime fall outside of the applicable statute of limitations; he is not a proper putative class member because he does not have similar job requirements or pay provisions to L. Hernandez; he has not alleged that he was the victim of a common decision, policy or plan to L. Hernandez that violated the FLSA; and his alleged cause of action is purely personal to himself and not from any generally applicable rule, policy, or practice.
....

6.     The statute of limitations for claims brought under the Fair Labor Standards Act ("FLSA") is two years unless there is evidence that the alleged violations were willful. 29 U.S.C. § 255(a). Under the FLSA, a violation is "willful" if the employer either "knew or showed reckless disregard for ... whether its conduct was prohibited by the statute" *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir.1994) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

7.     L. Hernandez and the potential putative class members have no evidence and will not be able to establish that Defendants knew or

showed reckless disregard for whether their pay practices violated the FLSA. Accordingly, the statute of limitations for L. Hernandez and the potential putative class members is two (2) years. 29 U.S.C. § 255(a).

8.      L. Hernandez filed his Complaint against Defendants alleging violations of the FLSA on August 3, 2017, so the only potentially proper putative class members are former or current employees of Defendants that worked for Defendants after August 3, 2015.

9.      G. Hernandez's Opt-In Affidavit alleges only to have worked for Defendants until March 2015. [Doc. #8]. Thus, even if we assume that G. Hernandez is a similarly situated employee to L. Hernandez, which Defendants dispute, G. Hernandez is not a proper putative class member because his claims are barred by the statute of limitations.

....

10/      In order for the Court to ratify G. Hernandez's opt-in notice, the Plaintiff must show some evidence that he is similarly situated to L. Hernandez and was the victim of a single pay decision, policy or plan.

11.      The FLSA provides that a suit may be instituted by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages, overtime compensation, and liquidated damages from employers who violate the statute's provisions. 29 U.S.C. § 216(b).

12.      Typically, a preliminary showing is made when a Plaintiff moves for conditional certification. "While the plaintiffs' burden at [the conditional certification] stage is not onerous, neither is it invisible." *Songer v. Dillon Res., Inc.*, 569 F.Supp.2d 703, 706-707 (N.D. Tex. 2008) (McBryde, J.).

13.      To determine whether the requisite showing has been made for conditional certification, courts look to the similarity of job requirements and pay provisions, whether the putative class members appear to be possible victims of a common policy or plan, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743, 2012 WL 6928101, at *3 (N.D. Tex. Nov. 29, 2012) (Ramirez, J.) (internal alterations omitted).

14.      In this case, Plaintiff is asking for ratification of the opt-in notice for G. Hernandez, which should be held to a higher standard than that of mere conditional certification. However, even under the lenient conditional certification standard, G. Hernandez should not be permitted to join in this action.

15.      G. Hernandez has not established similarity in job requirements – L. Hernandez alleges he was a warehouse worker and driver; G. Hernandez alleges he was a warehouse worker, forklift

operator, and floor worker. *Compare* Original Complaint ¶ 10 [Doc. #1] *with* Notice of Filing Opt-In Consent Form Ex. A ¶ 3 [Doc. #8].

16.    Plaintiff has not met his burden to show that he and G. Hernandez were victims of a single decision, policy or plan.

17.    A court "may deny conditional certification and notice if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 288 (N.D. Tex. 2012) (Boyle, J.) (citation and internal quotation marks omitted).

18.    Neither L. Hernandez nor G. Hernandez have alleged they suffered from any generally applicable rule, policy, or practice regarding pay.

19.    Instead, the harm alleged by both L. Hernandez and G. Hernandez is that they were required to work and were denied proper compensation for the hours they worked. These allegations are like the allegations made by the plaintiffs in *Franklin v. HCA Mgmt. Services, L.P.*, 2016 WL 7744407 (N.D. Tex. Dec. 19, 2016), *report and recommendation adopted*, 2017 WL 149984 (N.D. Tex. Jan. 13, 2017). In *Franklin*, the court found the purported class of nurses who claimed that they were forced to work through lunch and improperly compensated for their time worked could not proceed as a collective action because the nurses failed to identify a single pay provision or policy that violated the FLSA and the harm they alleged was purely personal to each of them. *Id.* Like Franklin, G. Hernandez should not be permitted to join in this case as a Plaintiff.

20.    Therefore, Defendants object to and request the Court to deny Plaintiff's Motion to Ratify G. Hernandez's Opt-In Notice of Gilberto Hernandez.

Dkt. No. 13 at 1-5.

When faced with a somewhat unusual motion, it is helpful to start with some first principles.

29 U.S.C. § 216(b) provides that a FLSA action "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any

such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." "Thus, the FLSA allows an employee to bring a claim on behalf of other similarly-situated employees, but the other employees do not become plaintiffs in the action unless and until they consent in writing." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008) (footnote omitted). As such, under Section 216(b), "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent." *Id.* at 916 (internal quotation marks omitted). G. Hernandez has done so here in a written consent filed with the Court that even Defendants do not contend was somehow untimely.

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). L. Hernandez and G. Hernandez timely filed their amended complaint as a matter of course – that is, without need for the Court's leave or Defendants' written consent – 21 days after Defendants answered, adding G. Hernandez as a named plaintiff.

Even if leave were required to deem G. Hernandez to be added as an opt-in plaintiff between September 29, 2017 and October 25, 2017, under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, "[t]he court should freely give leave

when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W*, 315 F.3d at 536. When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

G. Hernandez's status as an opt-in plaintiff does not appear to matter after October 25, 2017, based on the filing of the amended complaint under Rule 15(a)(1). Even courts that have criticized other decisions converting opt-in plaintiffs to named

plaintiffs have suggested that the proper course is to "allow the conversion only after granting the plaintiff's motion to amend the complaint." *McGlathery v. Lincare, Inc.*, No. 8:13-cv-1255-T-23TBM, 2014 WL 1338610 (M.D. Fla. Apr. 3, 2014) (footnote omitted).

But, as to the request to deem G. Hernandez as an opt-in plaintiff from the time of the filing of his opt-in notice with this Court, Defendants' opposition based on the asserted limitations bar for G. Hernandez's FLSA claim fails, whether it is analyzed as an argument against formally recognizing the opt-in as of September 29, 2017 or as somehow alleging futility as a basis to deny Rule 15(a)(2) leave to amend. "Generally, FLSA claims are subject to a two-year statute of limitations, however the limitations period is three years for willful violations. 29 U.S.C. § 255(a)." *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016) (footnote omitted). Even crediting Defendants' factual argument, G. Hernandez's is not untimely as a matter of law because, if his employment – and, as a result, his last pay period – ended in March 2015, his claim would be timely as filed within three years after his cause of action accruing if the alleged violation was willful. *See Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 365 n.3 (5th Cir. 2011) (citing 29 U.S.C. § 255(a)). And "[w]illfulness is a question of fact," *id.*, which the Court cannot at this stage resolve based on Defendants' bare assertion that "L. Hernandez and the potential putative class members have no evidence and will not be able to establish that Defendants knew or showed reckless disregard for whether their pay practices violated the FLSA." Dkt. No. 13 at 2.

Otherwise, Defendants assert that the Motion to Ratify should be held to higher standard than that of Section 216(b) conditional certification. The Court cannot agree.

"The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court, § 216(b)." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Although, for the Court to decide to conditionally certify a collective action and authorize notice, the plaintiff must establish that there are other potential class members who are "similarly situated in their job requirements and pay provisions," *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (internal quotations omitted), once the Court has done so and authorized notice, employees who then file opt-in consents are added as opt-in plaintiffs without further scrutiny by the Court unless and until the defendant later moves to decertify the class after discovery is largely complete. At that point, the collective action will proceed if the Court finds the potential class members similarly situated or will be decertified if discovery fails to adequately identify a pool of claimants that is similarly situated. *See generally Sandoz*, 553 F.3d at 915 n.2.

The Court cannot accept that L. Hernandez should be required to show more than what conditional certification initially requires for the Court to accept G. Hernandez as an opt-in plaintiff in this case as of September 29, 2017. Of course, the Motion to Ratify is not a conditional certification motion, and no deadline for requesting conditional certification has passed. And "individuals who are already aware of the suit and want to join as plaintiffs need not wait until collective-action

certification to do so. Courts may allow such parties to join before the case has been certified as a collective action." *Muhammad v. GBJ, Inc.*, Civ. A. No. H-10-2816, 2011 WL 2357369, at *1 (S.D. Tex. June 10, 2011); *accord Granchelli v. P & A Interests, Ltd.*, Civ. A. No. H-11-4514, 2013 WL 435942, at *2 (S.D. Tex. Feb. 4, 2013) ("The defendants argue that Granchelli should not be permitted to amend his complaint to add Chagoya as a plaintiff because this case has not been certified as a collective action. Collective-action certification is not necessary for multiple plaintiffs to jointly maintain an FLSA action. The purpose of FLSA collective-action certification is to determine whether the court should allow the plaintiff to send notice to potential opt-in plaintiffs. Allowing additional plaintiffs to join an FLSA action before or without collective-action certification is consistent with the statutory language. An FLSA action for overtime pay can be maintained by 'any *one or more employees* for and in behalf of himself or themselves and other employees similarly situated.' 29 U.S.C. § 216(b) (emphasis added)." (citations omitted)).

"Opt-in plaintiffs and original parties are treated the same under the FLSA." *Muhammad*, 2011 WL 2357369, at *2. Other courts therefore have ruled that, "[o]nce opt-in plaintiffs consent to join, opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Id.* (internal quotation marks omitted); *see generally Matthew Dewan v. M-I, L.L.C.*, Civ. A. H-15-1746, 2016 WL 695717, at *14-*16 (S.D. Tex. Feb. 22, 2016) (discussing a split in the case law on the status of an opt-in plaintiff who has filed a consent but has never been added as a named plaintiff in an amended complaint), *rev'd on other grounds*, 858 F.3d 331 (5th

Cir. 2017). That principle applies to G. Hernandez here, even before L. Hernandez amended as a matter of course under Rule 15(a)(1)(B) to add G. Hernandez as a named plaintiff. *Cf. Serrano v. Globe Energy Serv., LLC*, No. MO:15-CV-00170-RAJ, 2016 WL 7616716, at *7 (W.D. Tex. Mar. 3, 2016) ("With regard to the two opt-in plaintiffs who have filed written consents to join this FLSA case, the Court shall grant Plaintiff leave to amend the Complaint under Rule 15(a) to add Daniel Ramos and David Warren as named party plaintiffs.").

And, even if a showing of substantial similarity is required to credit G. Hernandez's status as an opt-in plaintiff from the date of filing his opt-in notice (September 29, 2017) before he was added as a named plaintiff in the October 25, 2017 amended complaint, where what matters for purposes of joining a collective action under the FLSA is whether a party files written consent, L. Hernandez has made a sufficient showing to have G. Hernandez credited as an opt-in plaintiff where G. Hernandez, like L. Hernandez, alleges that Defendants failed to properly pay him for overtime hours works. *See* Dkt. Nos. 8 & 8-1; *Farasat v. RP Managing Ptrs., LLC*, No. 3:13-cv-270-L 2014 WL 12588306, at *2 (N.D. Tex. Nov. 13, 2014) (permitting opt-in plaintiffs who filed consents to proceed as plaintiffs even where no amended complaint added them as named plaintiffs and where the named plaintiff allowed the deadline for filing a motion for conditional certification to lapse); *accord* Dkt. No. 15.

Under all the circumstances presented here, the Court does not believe it proper now to require L. Hernandez to otherwise establish that this case is suitable for a

conditional certification that he does not yet request and that would not itself, if granted, result in adding G. Hernandez as an opt-in plaintiff.

### Conclusion

For the reasons and to the extent explained above, the Court GRANTS Plaintiff Luis Manuel Hernandez's Motion to Ratify Opt-In Notice of Gilberto Hernandez Pursuant To 29 U.S.C. § 216(b) [Dkt. No. 9].

SO ORDERED.

DATED: December 22, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE