IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS MANUEL HERNANDEZ, GILBERTO HERNANDEZ, and all others similarly situated under 29 U.S.C. § 216(b), | § § § § | |
| Plaintiffs, | § § | |
| V. | § § § | No. 3:17-cv-2057-BN |
| ARC TRADING COMPANY; WENRU YOU; and ANN YOU, | § § § § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs Luis Manuel Hernandez and Gilberto Hernandez ("Plaintiffs") have filed a Motion to Dismiss Defendants' Counterclaims Raised in Response to the First Amended Complaint, under Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6). *See* Dkt. No. 26 (the "MTD").

Defendants ARC Trading Company and Wenru You, a/k/a Ann You filed a response, *see* Dkt. No. 28, and Plaintiffs filed a reply, *see* Dkt. No. 30.

## Background

Plaintiff Luis Manuel Hernandez ("L. Hernandez") filed his Complaint in this case on August 3, 2017, bringing a claim for overtime wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216. *See* Dkt. No. 1.

On September 29, 2017, Gilberto Hernandez ("G. Hernandez") filed his notice of opt-in consent under 29 U.S.C. § 216(b), claiming to be a similarly situated

employee. *See* Dkt. No. 8.

L. Hernandez then filed his Motion to Ratify Opt-In Notice of Gilberto Hernandez Pursuant To 29 U.S.C. § 216(b) on October 3, 2017, explaining that "Gilberto Hernandez has filed the requisite consent form to become a party to this lawsuit and a separate amended complaint need not be filed on his behalf" and requesting "that this Court ratify said opt-in consent form and deem Gilberto Hernandez as an opt-in plaintiff from the time of the filing of his opt-in notice with this Court." Dkt. No. 9 (the "Motion to Ratify") at 2.

Defendants then filed an answer and counterclaim on October 4, 2017, *see* Dkt. No. 10, and later filed a response in opposition to the Motion to Ratify on October 24, 2017, *see* Dkt. No. 13.

On October 25, 2017, L. Hernandez and G. Hernandez together filed the First Amended Complaint Under 29 U.S.C. §§ 201- 216 Overtime Wage Violations on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b). *See* Dkt. No. 15. Defendants then filed their Original Answer to Plaintiffs' First Amended Complaint under 29 U.S.C. §§ 201-216 Overtime Wage Violations and Original Counterclaim on November 13, 2017, *see* Dkt. No. 23.

In its Original Counterclaim, Defendant Arc Trading Company alleges:

### FACTUAL BACKGROUND
30. Upon information and belief, during Plaintiffs' intermittent employment with ARC Trading Company, Plaintiffs made knowing and/or reckless misrepresentations in their time records about the amount of hours they worked.
31. Plaintiffs intended that ARC Trading Company rely on these misrepresentations in calculating their wages.

32. ARC Trading actually relied on these misrepresentations about hours Plaintiffs worked, which resulted in overpayment to Plaintiffs and damages to ARC Trading Company.

33. Upon information and belief, during Plaintiffs' intermittent employment with ARC Trading Company, Plaintiffs made knowing and/or reckless misrepresentations on their reimbursement requests.

34. Plaintiffs intended that ARC Trading Company rely on these misrepresentations in calculating their reimbursement amounts.

35. ARC Trading actually relied on these misrepresentations about the amount in reimbursements owed, which resulted in overpayment to Plaintiffs and damages to ARC Trading Company.

## JURISDICTION AND VENUE

36. This Court has supplemental jurisdiction over Counter-Plaintiff's state-law claims, which arise under common law, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

37. ARC Trading Company is a Texas corporation with its principal place of business in Dallas County, Texas.

38. Counter-Defendant Luis Hernandez is an individual who has alleged he resided in Dallas, Texas at the time this dispute arose and has appeared in this case.

39. Counter-Defendant Gilberto Hernandez is an individual who has alleged he resided in Dallas, Texas at the time this dispute arose and has appeared in this case.

40. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## COUNT I – FRAUD

41. Counter-Plaintiff ARC Trading Company re-alleges the allegations above as though fully set forth herein.

42. Upon information and belief, Plaintiffs made material misrepresentations to ARC Trading Company regarding their hours worked and reimbursements owed.

43. Plaintiffs made these misrepresentations to ARC Trading Company with the intent that ARC Trading Company rely upon them in calculating amounts owed to them.

44. ARC Trading Company did rely on Plaintiffs' misrepresentations in calculating amounts owed to them, which resulted in overpayment to Plaintiffs and damages to ARC Trading Company.

45. As a result of Plaintiffs' conduct, ARC Trading Company has suffered damages for which it now sues.

## COUNT II – CONVERSION

46. Counter-Plaintiff ARC Trading Company re-alleges the allegations above as though fully set forth herein.

47. ARC Trading Company had legal possession and/or the legal right to possess money for purposes of processing payroll and other amounts paid to employees.

48. Upon information and belief, Plaintiffs wrongfully acquired overpayments in wages and reimbursements through misrepresentations, which resulted in damages to ARC Trading Company.

49. As a result of Plaintiffs' conduct, ARC Trading Company has suffered damages for which it now sues.

Dkt. No. 23 at 4-6. Defendants pray that "the Court enter a judgment in favor of ARC Trading Company on its fraud and conversion claims." *Id.* at 6-7.

Plaintiffs filed their MTD 21 days later, *see* Dkt. No. 26, asserting that the Counterclaims "or 'arguments and disputations over claims against [Plaintiffs'] wages' arising from Defendants' fraud and conversion theories are contrary to the purpose behind the Fair Labor Standards Act and are not appropriate to be brought as counterclaims when Plaintiffs bring claims for unpaid overtime"; that "supplemental jurisdiction over Defendants' Counterclaims is not proper and they should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1)"; that the "fraud counterclaim fails to meet the heightened pleading standard imposed by Federal Rule of Civil Procedure 9(b) for such claims"; that "Defendants' Counterclaims fail to plead sufficient facts to state a plausible claim for relief" where "there is a lack of factual specificity and content in support of Defendants' counterclaims for fraud and conversion such that Defendants fail to state any claims to relief that are plausible on their face"; and that "the counterclaims for fraud and conversion are duplicative of the Defendants' affirmative defense of credit and/or off-set," *id.* at 6-19.

The Court then denied as moot L. Hernandez's Motion to Dismiss Defendants' Counterclaims [Dkt. No. 14] (which was directed at Defendants' now-superseded Original Answer and Original Counterclaim [Dkt. No. 10]), in light of Plaintiffs' filing their MTD [Dkt. No. 26] directed to the counterclaims raised in the answer to Plaintiffs' first amended complaint. *See* Dkt. No. 27.

The Court thereafter granted Plaintiffs' Motion to Ratify, deeming Gilberto Hernandez to be an opt-in plaintiff from the time of the filing of his opt-in notice with this Court. *See* Dkt. No. 29.

## Legal Standards

I.   <u>Rule 12(b)(1)</u>

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). And where, like here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack of subject is considered "facial," and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).

But a "factual" attack on jurisdiction is based on affidavits, testimony, and other evidentiary material. *See id*. Under such an attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523; *see also Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating

for itself the merits of jurisdictional claims." (quoting *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

## II.    Supplemental Jurisdiction

Supplemental jurisdiction is codified in 28 U.S.C. § 1367 and gives the district court discretion to exercise jurisdiction over state-law claims when: (1) federal-question jurisdiction under 28 U.S.C. § 1331 is proper and (2) the state-law claims derive from a common nucleus of operative facts. *See Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012). To determine whether to exercise supplemental jurisdiction over a state-law claim, the Court considers whether: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c); *Hicks v. Austin I.S.D.*, 564 F. App'x 747, 748 (5th Cir. 2014); *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 n.4 (5th Cir.

2009). The Court is guided by these statutory factors set forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity. *Brookshire Bros.*, 554 F.3d at 602.

III.    Compulsory and Permissive Counterclaims

Federal Rule of Civil Procedure 13(a) dictates that "[a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13(a); *accord N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998) (noting "one of the explicit exceptions to the compulsory counterclaim requirement of Federal Rule of Civil Procedure 13(a), viz., that the party need not assert a counterclaim that has not matured at the time he serves his pleading"). If a party fails to bring such a compulsory counterclaim in the original action, it is barred from asserting the claim in a later suit. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 86 (5th Cir. 1997). On the other hand, as a permissive counterclaim, "[a] pleading may state as a counterclaim against an opposing party any claim that is not compulsory." FED. R. CIV. P. 13(b).

A counterclaim is compulsory if any of the following four questions can be answered affirmatively:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim

> rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

*Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992); *Tank Insulation*, 104 F.3d at 85-86; *see also Park Club*, 967 F.2d at 1058 ("This standard is taken from Fed. R. Civ. P. 13(a), which provides that a counterclaim is compulsory if it 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.'").

A logical relationship exists "when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serves as the basis of both claims." *Plant v. Blazer Fin. Servs., Inc. of Ga.*, 598 F.2d 1357, 1361 (5th Cir. 1979). "The logical relation test is a loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Id.* (citation and internal quotation marks omitted).

IV.  Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). But a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v.*

*Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

V.    Rule 9(b)

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for a fraud claim and requires a party that alleges fraud to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).

"To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (citations and internal quotation marks omitted); *see also U.S. ex rel. Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 384 (5th Cir. 2003) (explaining that "Rule 9(b) requires that the plaintiff allege the particulars of time, place, and contents of the false statements, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, where, and how' of the alleged fraud") (internal quotation marks and citations omitted)).

And "Rule 9(b) does not require that a specific date and time always be alleged as to each misrepresentation." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 372 (5th Cir. 2004). The United States Court of Appeals for the Fifth Circuit has suggested that "outlin[ing] a four-month window during which all of the misrepresentations occurred may not satisfy Rule 9(b)." *Id.* (internal quotation marks omitted). But the Court of Appeals has also explained that a complaint that creates "the implication ... that [the misrepresentations] occurred ... between January 1 and January 27" might be sufficiently particular. *Id.*

The Fifth Circuit has explained that, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)" and that "[t]he plaintiffs must set forth *specific facts* supporting an inference of fraud." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (internal quotation marks and citations omitted; emphasis in original). "Facts that show a defendant's motive to commit the fraud may sometimes provide a factual background adequate for an inference of fraudulent intent." *Willard*, 363 F.3d at 385.

Further, "[i]f the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief. However, this luxury must not be mistaken for license to base claims of fraud on speculation or conclusory allegations." *Dorsey*, 540 F.3d at 339 (internal quotation marks and citations omitted). And, "even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *Willard*, 336 F.3d at 385.

"A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim," and so the Court "must accept the complaint's well-pleaded factual allegations as true." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993).

## Analysis

I.    <u>Rule 12(b)(1)</u>

Defendants assert that the counterclaims against L. Hernandez are within the Court's subject matter jurisdiction under 28 U.S.C. § 1367(a) because they form part of the same case or controversy as Plaintiffs' FLSA claims and because they are compulsory counterclaims under Rule 13(a)(1). *See* Dkt. No. 26. But Defendants "request the Court: (1) grant Defendants' leave to file the First Amended Counterclaim attached hereto as Exhibit A, removing all references to G. Hernandez from the Second Counterclaim; or, in the alternative, (2) dismiss only the Counterclaims against G. Hernandez without prejudice" and then "allow Defendants to pursue their Counterclaims against L. Hernandez." *Id.* at 2.

As to the counterclaims for fraud and conversion against G. Hernandez, the Court grants the alternative request and dismisses without prejudice the counterclaims for fraud and conversion against Plaintiff Gilberto Hernandez. *See also* Dkt. No. 30 at 2 (urging the Court to grant the alternative request because filing additional amended pleadings prior to ruling on the [MTD] would likely require the filing of yet another motion to dismiss counterclaims on the same grounds as those

already briefed twice in this case before reaching a decision on the merits of the [MTD]").

As to the counterclaims for fraud and conversion against L. Hernandez, Defendant ARC Trading Company alleges as its basis for these counterclaims that L. Hernandez "made knowing and/or reckless misrepresentations in [his] time records about the amount of hours [he] worked" – that is, "made material misrepresentations to ARC Trading Company regarding [his] hours worked"; that L. Hernandez "intended that ARC Trading Company rely on these misrepresentations in calculating [his] wages"; that "ARC Trading actually relied on these misrepresentations about hours [L. Hernandez] worked, which resulted in overpayment to [him] and damages to ARC Trading Company"; that, during L. Hernandez's "intermittent employment with ARC Trading Company, [he] made knowing and/or reckless misrepresentations on [his] reimbursement requests" – that is, "made material misrepresentations to ARC Trading Company regarding ... reimbursements owed"; that L. Hernandez "intended that ARC Trading Company rely on these misrepresentations in calculating their reimbursement amounts"; that "ARC Trading actually relied on these misrepresentations about the amount in reimbursements owed, which resulted in overpayment to [L. Hernandez] and damages to ARC Trading Company." Dkt. No. 23 at 4-6.

The Court finds helpful guidance in recent decisions from other judges in this state. Another federal court in Texas presiding over a FLSA action recently addressed a similar motion to dismiss counterclaims for fraud, conspiracy, breach of fiduciary duties, and conversion. In that case, the court examined the counterclaims against the

four-part standard explained above and "concluded that the Defendants' counterclaims are compulsory under each of the four independent inquiries of *Tank Insulation*. Thus, the court has subject matter jurisdiction over the counterclaims." *Reyes v. Bona 1372, Inc.*, No. 1:17-cv-16, 2018 WL 1868106, at *6 (E.D. Tex. Mar. 15, 2018), *rec. adopted*, 2018 WL 1863529, at *1 (E.D. Tex. Apr. 17, 2018) ("As the magistrate judge correctly concluded (Doc. No. 179, at 6-11), the counterclaims satisfy all four inquiries under *Tank Insulation* to be considered compulsory counterclaims."). The court then explained:

> Relying on *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974), *rev'd on other grounds* in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), and subsequent cases interpreting *Heard*, the Plaintiffs argue that "tort counterclaims seeking damages from plaintiffs" in FLSA cases are inappropriate. Doc. No. 23, at 11. The Plaintiffs are correct that Fifth Circuit cases since *Heard* have been at least "hesitant" to allow permissive counterclaims in FLSA lawsuits for the damages an employee's tortious conduct allegedly caused. *Id.* at 13; *see Heard*, 491 F.2d at 4 ("The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay ... are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions...."); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010) (citing *Heard*, the Fifth Circuit found no clear error in district court's decision not to address counterclaims for breach of contract and fraud); *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 739 (5th Cir. 2010) (calling *Heard* a "bright-line rule," the Fifth Circuit declared that it "continue[s] to look with disfavor on set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee."). However, each of these cases are inapposite because they involve permissive counterclaims, while the undersigned has determined in the instant case that the Defendants' counterclaims are compulsory under Fed. R. Civ. P. 13(a)(1) and *Tank Insulation*.
>
> Even in light of *Heard*, *Gagnon*, and *Martin*, some courts have categorized certain counterclaims as compulsory and allowed them to

proceed in FLSA actions. In *Cordero*, the court determined it had subject matter jurisdiction over a compulsory counterclaim for fraud based on inflated work hours because the counterclaim relied on the "same operative facts" serving as the basis for the plaintiffs' FLSA claims. *See Cordero v. Voltaire, LLC*, No. A-13-CA-253-LY, 2013 WL 6415667, at *4-*5 (W.D. Tex. Dec. 6, 2013). Further, the *Cordero* court determined it did not have subject matter jurisdiction over permissive counterclaims for theft, conversion, and breach of fiduciary duty because those counterclaims did not arise from a common nucleus of operative facts with the underlying FLSA claims. *Id.*; *see also Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-CV-0555-G, 2015 WL 7770893, at *5 (N.D. Tex. Dec. 3, 2015) (holding counterclaims for theft of services and fraud were compulsory counterclaims and "permitted under the exception in *Singer* because the claims relate to the number of hours the plaintiff actually worked ... and whether the defendants owe him overtime wages under the FLSA."). The counterclaims in the instant case are like the compulsory counterclaims in *Cordero* and *Solano*: the court has subject matter jurisdiction over the counterclaims because they arise out of the same transaction or occurrence as the Plaintiffs' FLSA claims. Because Plaintiffs have not cited binding authority requiring this court to dismiss the Defendants' compulsory counterclaims in the FLSA context, even under the *Heard* line of cases, the Plaintiffs' motion to dismiss the counterclaims should be denied.

*Reyes*, 2018 WL 1868106, at *6.

As the *Reyes* court noted, Senior United States District Judge A. Joe Fish explained in *Solano* that

> [t]he FLSA states that "[a]ny employer who violates the provisions of [§] 206 or [§] 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation...." 29 U.S.C. § 216. "[T]he only function of the federal judiciary under the FLSA 'is to assure the employees of a covered company a minimum level of wages.'" *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010) (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)). "Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin*, 628 F.3d at 740-41. However, employees cannot recover under the FLSA if they have "worked

unauthorized overtime or falsified records to create a cause of action." *LeCompte v. Chrysler Credit Corporation*, 780 F.2d 1260, 1264 (5th Cir. 1986).

The defendants maintain that jurisdiction over the counterclaims for theft of goods and services, and fraud is proper because those counterclaims arise out of the same transaction or occurrence as the plaintiff's FLSA claim. Answer and Counterclaim ¶ 24. The plaintiff contends that jurisdiction over the defendants' counterclaims is improper because the counterclaims do not arise out of a nucleus of operative facts in common with the plaintiff's FLSA claim, the Fifth Circuit bars counterclaims in FLSA suits, the defendants' counterclaims are duplicative of their affirmative defenses and should be characterized as affirmative defenses,1 and this court should not grant supplemental jurisdiction over complex state law claims that would predominate the FLSA suit. Solano's Motion to Dismiss ("Motion") ¶¶ 7-8 (docket entry 26).

In the Fifth Circuit's most recent opinion addressing the permissibility of defendants' assertion of counterclaims in an FLSA suit, the court narrowed the exception permitting counterclaims, created in *Singer v. City of Waco*, 324 F.3d 813, 828 (5th Cir. 2003)[.] *Martin*, 628 F.3d at 742. It concluded that counterclaims are only permitted where they set-off money that "can be considered wages that the employer pre-paid to the plaintiff-employee" or money that could be "characterized as advanced or inappropriate amounts subject to an offset against the overtime owed to him." *Id.* (citing *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010), and *Heard*, 491 F.2d at 4). Further, any setoff of the overtime wage the plaintiff claims he was not paid, cannot cause the wages sought to "fall below the statutory minimum wage." *Martin*, 628 F.3d at 741 (citing *Singer*, 324 F.3d at 828 n.9). This narrow exception from the rule was created after the Fifth Circuit in *Heard* concluded that set-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions. *Heard*, 491 F.2d at 3-4. Therefore, this court can permit defendants' counterclaims only if they fit this narrow exception. *Martin*, 628 F.3d at 742.

To better define the exception, it is necessary to further analyze the precedent governing this issue. The dispute in *Singer* involved a class of municipal fire fighters whose hours varied among pay periods, working 120 hours for two periods in a row, and then working 96 hours for the third period. 324 F.3d at 824-26. When the court analyzed how much money the city owed the fire fighters in unpaid overtime wages, the district court found "small deficiencies" in pay during the 120-hour periods, and considerable overpayments during the 96-hour periods. *Id.*

-17-

at 826. The district court permitted the employer's counterclaim to be joined in the fire fighter's FLSA suit because the overpayments during the 96-hour periods were akin to pre-payments of overtime wages. *Id.*

In *Gagnon*, the defendant-employer counterclaimed and sought a set-off in the amount equal to damages caused by the plaintiff's alleged breach of contract and fraud. 607 F.3d at 1042. The plaintiff had received per diem for travel to work because he lived a significant distance from his workplace. *Id.* at 1043. The plaintiff was contractually obligated to notify his employer of his new address if he moved. *Id.* at 1040. The plaintiff failed to do so, and the defendant employer sought to set-off the FLSA overtime wages with the damages it incurred by paying the per diem to the plaintiff. *Id.* at 1040, 1043. The court distinguished the set-off in Singer as one that "simply acknowledged that the City [had] already paid the bulk of its overtime obligations." *Id.* at 1043 (citing *Singer*, 324 F.3d at 828) (emphasis in original). In *Gagnon*, by contrast, the plaintiff was not paid any additional or advance sums that could be characterized as overtime wages owed to him. *Id.* Additionally, the facts of the breach of contract and the fraud claim related to a different nucleus of facts surrounding where the plaintiff lived and whether he lied about his home address, and did not relate directly to hours worked. *Id.*

In *Martin*, when the plaintiff was laid off, she entered into a severance agreement with the employer whereby she agreed not to sue the employer, and as a result, she received various benefits. 628 F.3d at 740. The plaintiff breached that agreement by suing the employer to recover unpaid overtime wages under the FLSA. *Id.* The employer moved for summary judgment, contending that it was entitled to set-off damages for breach of the severance agreement. *Id.* The employer contended that the benefits it gave the plaintiff for her release of claims were comparable to pre-paid overtime wages in *Singer*. *Id.* The Fifth Circuit disagreed with the employer, concluding that the employer was not permitted to bring the breach of contract claim for damages relating to the benefits it gave her because those benefits "were not wage payments, advance or otherwise; they were not related to her labors at all." *Id.* at 743.

Here, the defendants' asserted counterclaims would not result in the plaintiff's compensation falling below the minimum FLSA wage requirements. Ali Baba's Response to Motion to Dismiss ("Response") ¶ 7 (docket entry 27). Defendants' counterclaims for fraud and theft of services allege that they paid the plaintiff over forty-five hours of overtime work that the plaintiff did not actually work. Answer and Counterclaim ¶¶ 20, 22.

The FLSA claim and counterclaims for theft of services and fraud focus on the amount of overtime pay owed to the plaintiff. *See* Complaint ¶ 21; Answer and Counterclaim ¶ 20; *Cordero v. Voltaire, LLC*, No.

A-13-CA-253-LY, 2013 WL 6415667, at *4 (W.D. Tex. Dec. 6, 2013). To prevail on their counterclaim for theft of services, the defendants will need to show that the plaintiff appropriated the defendants' money through some unlawful means, such as misrepresenting the hours he worked. *See Wellogix, Inc. v. Accenture LLP*, 788 F. Supp. 2d 523, 541 (S.D. Tex. 2011). To prevail on their counterclaim for fraud, the defendants will need to present evidence showing that the plaintiff billed them for false or inflated overtime hours. *See Cordero*, 2013 WL 6415667, at *4. Similarly, to prove his FLSA claim, the plaintiff will need to present evidence showing the overtime hours he worked and how much the defendants should have paid him. *See id.* If the defendants prove their counterclaim for theft of services or fraud, the plaintiff will not be able to recover for any overtime hours that he did not work. *See LeCompte*, 780 F.2d at 1264. There is a logical relationship between the operative facts and evidence needed to prove the plaintiff's FLSA claim and the defendants' counterclaims for theft of services and fraud. *See id.*; *Cordero*, 2013 WL 6415667, at *4. Thus, the court concludes that the defendants' counterclaims for theft of services and fraud are compulsory. *See* FED. R. CIV. P. 13(a).

The counterclaims for theft of services and fraud should be permitted under the exception in *Singer* because the claims relate to the number of hours the plaintiff actually worked for the defendants and whether the defendants owe him overtime wages under the FLSA. Answer and Counterclaim ¶¶ 20, 23. If the plaintiff fraudulently represented the number of hours worked, as alleged by the defendants, the overtime wages he received for those hours should be "characterized as... inappropriate amounts subject to an offset against the overtime owed to him." *Martin*, 628 F.3d at 742. Also, since employees cannot recover under the FLSA if they have "worked unauthorized overtime or falsified records to create a cause of action," *LeCompte*, 780 F.2d at 1264, a counterclaim that asserts they falsified records should be permitted.

The counterclaims alleged here are distinguishable from the fraud counterclaim rejected in *Gagnon* because the fraud here relates directly to the hours worked and the wages received for those hours, Answer and Counterclaim ¶¶ 20, 23, while in *Gagnon*, the fraud related to whether the plaintiff lied about where he lived. *Gagnon*, 607 F.3d at 1042. The counterclaims here are also distinguishable from the counterclaim in *Martin* because there the severance the defendant paid the plaintiff did not represent wages earned, 628 F.3d at 743, whereas here the counterclaims for theft of services and fraud do. Since the fraud and theft of services claims relate directly to the number of overtime hours worked, the claim is compulsory, originating from a common nucleus of facts, and permitted under the exception created in Singer and expressly defined in

*Gagnon* and *Martin*. *Singer*, 324 F.3d at 828; *Gagnon*, 607 F.3d at 1042; *Martin*, 628 F.3d at 741; *see also Ormet*, 2011 WL 2342687, at *2.

However, the defendants' allegation that the plaintiff committed theft by stealing goods from their restaurant rests on an entirely different set of operative facts than the plaintiff's claim for wages under the FLSA. *See Cordero*, 2013 WL 6415667, at *5 (noting that a theft of goods claim rests on a different set of facts than an FLSA claim for overtime wages). To prove his FLSA claim, the plaintiff will need to present evidence showing the number of hours he worked, the pay he actually received for those hours, and the pay he should have received for those hours. *See Cortes v. Distribuidora Monterrey Corp.*, No. 3:08-CV-1077-M, 2008 WL 5203719, at *1 (N.D. Tex. Dec. 11, 2008) (Lynn, J.); *Cordero*, 2013 WL 6415667, at *4. By contrast, to prove their counterclaim for theft of goods, the defendants will need to show proof of damages resulting from the plaintiff's alleged appropriation of the goods from the defendants' restaurant. *Wellogix, Inc.*, 788 F. Supp. 2d at 542. Accordingly, the defendants' counterclaim for theft of goods is not compulsory. *See Ormet*, 2011 WL 2342687, at *2.

Supplemental jurisdiction over the counterclaim for theft of goods is also inappropriate for similar reasons. The FLSA claim and counterclaim for theft of goods did not derive from the same transaction or occurrence. *See Cordero*, 2013 WL 6415667, at *5; FED. R. CIV. P. 13(a). Furthermore, the counterclaim is brought under state law and lacks an independent ground for federal jurisdiction. *See* Answer and Counterclaim ¶ 22; *NatureSweet*, 2013 WL 460068, at *4. The defendants' counterclaim for theft for goods is disfavored by FLSA jurisprudence. *See Martin*, 628 F.3d at 740-41. Thus, this court concludes that it does not have subject matter jurisdiction over the defendants' counterclaim for theft of goods.

Since the court [lacks] supplemental jurisdiction over the theft of goods claim, the court need not address the plaintiff's arguments, *see* Motion ¶¶ 16-21, that the defendants present novel or complex issues of state law that would predominate over the federal FLSA claim.

*Solano*, 2015 WL 7770893, at *3-*6; *see also Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1274 (11th Cir. 2016) ("The current Fifth Circuit later recognized an employer's ability to set-off an employee's recovery in FLSA cases, but narrowed set-off recovery to money '[that] can be considered wages that the employer pre-paid to the plaintiff-employee.' *Martin*, 628 F.3d at 742. *Cf. Singer v. City of Waco*, 324 F.3d 813,

828 n.9 (5th Cir. 2003) (interpreting *Brennan* and clarifying that an employer's set-off recovery cannot cause an employee's FLSA recovery to fall below the statutory minimum wage).").

With the benefit of this analysis and measured against the standards laid out and applied in these decisions, the Court has little trouble concluding that the fraud and conversion counterclaims against L. Hernandez based on factual allegations about his alleged material misrepresentations to ARC Trading Company regarding his hours worked and resulting overpayments to him meet at least two of the possible bases for designating the counterclaims as compulsory under Rule 13(a), meeting the test for supplemental jurisdiction under Section 1367(a). As Defendants note, "[t]he number of hours [L. Hernandez] actually worked and the amount of money he was paid for his work are both issues of fact that will be necessary to show in both the Counterclaims and [his] FLSA claim," and "[t]he same documents and testimony will be necessary to support or refute these issues of fact." Dkt. No. 28 at 6. And Defendants correctly assert that "the same operative facts underlying the Counterclaims underlie [L. Hernandez's] FLSA claims," where "ARC alleges that L. Hernandez was paid for hours he never worked," "which activates Defendants' defense that L. Hernandez should not be paid additionally for such fraudulent hours," and, "[t]hus, there is a logical relationship between L. Hernandez's FLSA claim (for unpaid wage) and the Counterclaims (for wage overpayment), and this factor supports a finding that the Counterclaims are compulsory." *Id.* at 6-7.

Because these counterclaims based on alleged material misrepresentations regarding hours worked are compulsory, the Court need not reach Plaintiffs' additional, alternative arguments, *see* Dkt. No. 26 at 13-15, but notes for good measure that, even if it needed to, it is not persuaded – in light of the case law laid out above – that "proof of the counterclaims concerning fraud and conversion would substantially dominate over Plaintiffs' claims by focusing on alleged misrepresentations made by Plaintiffs rather than on whether or not Plaintiffs were paid correctly under the FLSA for the hours that they did work for the Defendants," *id.* at 14. Neither can the Court accept Plaintiffs' argument for dismissal of the compulsory counterclaims regarding hours worked under Federal Rule of Civil Procedure 8(c)(2) based on Defendants' affirmative defense of credit and/or off-set. *See id.* at 18-19.

In its MTD, *see* Dkt. No. 26 at 12-13, and more fully in reply, Plaintiffs try to distinguish *Solano* and *Cordero* because of Defendants ARC Trading Company's counterclaims' reliance on factual allegations about L. Hernandez's alleged material misrepresentations to ARC Trading Company regarding reimbursements owed:

> Defendants argue that their counterclaims are compulsory. *See* (DE 28 at pp. 9-12). Defendants rely heavily on the decision in *Solano v. Ali Baba Mediterranean Grill, Inc.*, 3:15-CV-0555-G, 2015 WL 7770893 (N.D. Tex. Dec. 3, 2015) and the recommendation in *Cordero v. Voltaire, LLC*, A-13-CA-253-LY, 2013 WL 6415667 (W.D. Tex. Dec. 6, 2013) to support their position. *Id.* However, these cases both involved dismissing parts of the counterclaims alleged by the defendants therein. In *Solano*, a counterclaim for theft of goods was dismissed for lack of jurisdiction; only a counterclaim for a specific number of overtime hours for which the plaintiff was allegedly overpaid was allowed to remain as compulsory. *See Solano*, 2015 WL 7770893, at *3-6 (N.D. Tex. Dec. 3, 2015). *Cordero* resulted in much the same recommendation; a fraud counterclaim flowing from "falsified and inflated hours" was found to be compulsory while

remaining counterclaims for theft, conversion, and breach of fiduciary duty were dismissed. *Cordero*, 2013 WL 6415667, at \*4-6 (W.D. Tex. Dec. 6, 2013).

      In the present matter, Defendants allege that Plaintiff L. Hernandez received overpayments of wages flowing from misrepresentations regarding his hours worked as well as "reimbursements" owed. *See e.g.* (DE 23 at ¶¶ 41-49). There are no facts pleaded regarding what these "reimbursements" were for, from which it could be determined that the "reimbursements" could be properly categorized as wages, such that the narrow exception to the general prohibition against counterclaims in FLSA cases in the Fifth Circuit relied on in *Solano* might apply here. *See Solano*, 2015 WL 7770893, at \*4 (N.D. Tex. Dec. 3, 2015) ("In the Fifth Circuit's most recent opinion addressing the permissibility of defendants' assertion of counterclaims in an FLSA suit, the court narrowed the exception permitting counterclaims, created in *Singer v. City of Waco*, 324 F.3d 813, 828 (5th Cir. 2003)[.] *Martin*, 628 F.3d at 742. It concluded that counterclaims are only permitted where they set-off money that "can be considered wages that the employer pre-paid to the plaintiff-employee" or money that could be "characterized as advanced or inappropriate amounts subject to an offset against the overtime owed to him. *Id.* (citing *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010), and *Heard*, 491 F.2d at 4).").

      Furthermore, the narrow exception to the general prohibition against counterclaims in FLSA cases allows only for offsets against wages actually owed. *See Solano*, 2015 WL 7770893, at \*4 (N.D. Tex. Dec. 3, 2015); *Gagnon*, 607 F.3d at 1043. As pleaded, the counterclaims brought by Defendants are not limited to a request for offsets against the overtime damages actually owed to Plaintiff L. Hernandez. *See* (DE 23 at ¶¶ 30-50). For the reasons set out hereinabove, Defendants' counterclaims fail to fit in the narrow exception allowing compulsory counterclaims in FLSA cases in the Fifth Circuit and the Motion to Dismiss should be granted on these grounds.

Dkt. No. 30 at 3-5 (footnote omitted).

Defendants' response had little to say about the counterclaims based on alleged material misrepresentation for "reimbursements," other than to contend that "the Counterclaims and L. Hernandez's FLSA claim involve similar issues of fact and the same evidence will be necessary to support or refute the claims"; that "ARC argues that

L. Hernandez made material representations to Defendants regarding the hours he worked and the reimbursements he was owed"; that "ARC alleges that L. Hernandez was paid for hours he never worked and for expenses he never incurred, which activates Defendants' defense that L. Hernandez should not be paid additionally for such fraudulent hours"; that "courts regularly allow counterclaims in FLSA cases where the defendant alleges that the plaintiff falsified time records, submitted bills for expenses that were not incurred, or was otherwise wrongly compensated due to the employee's misrepresentations"; and that "ARC's Counterclaims based upon L. Hernandez's material misrepresentations to ARC regarding his hours worked and reimbursements do not violate public policy, and this Court should deny L. Hernandez's Motion to Dismiss." Dkt. No. 28 at 5-6, 8-9. Defendants assert that "these factors support a finding that the Counterclaims are compulsory," *id.* at 6 – but they implicitly admit that the factual allegations based on reimbursements present no overlap as to the number of hours that L. Hernandez actually worked and the amount of money that he was paid for his work.

And the Court determines that they do not where Defendants have not explained how the alleged overpayments for unspecified reimbursements – separate from alleged overpayments of wages for hours worked – can be considered wages that the employer pre-paid to its employee L. Hernandez or derive from the same transaction or occurrence, much as Judge Fish concluded as to the counterclaim for theft of goods in *Solano*.

Accordingly, the Court finds no supplemental jurisdiction over those counterclaims based on factual allegations about his alleged material misrepresentations to ARC Trading Company regarding his reimbursement requests and resulting overpayments to him and, alternatively determines that, even if the Section 1367(a) test were met, the Court should decline jurisdiction over them based on the Fifth Circuit case law disfavoring such unrelated counterclaims in FLSA cases.

The Court therefore denies Plaintiffs' motion to dismiss as to the fraud and conversion counterclaims against Plaintiff Luis Manuel Hernandez based on factual allegations about his alleged material misrepresentations to ARC Trading Company regarding his hours worked and resulting overpayments to him, *see* Dkt. No. 23 at ¶¶ 30-32, 42 (in part), 43-45, 47-48 (in part), & 49, but grants the motion as to – and dismisses without prejudice – the fraud and conversion counterclaims against Plaintiff Luis Manuel Hernandez based on factual allegations about his alleged material misrepresentations to ARC Trading Company regarding his reimbursement requests and resulting overpayments to him, *see id.* at ¶¶ 33-35, 42 (in part), & 47-48 (in part).

II. <u>Rules 12(b)(6) and 9(b)</u>

As to Defendant ARC Trading Company's fraud and conversion counterclaims against L. Hernandez based on factual allegations about his alleged material misrepresentations to ARC Trading Company regarding his hours worked and resulting overpayments to him, Plaintiffs also contend that

> Defendants' fraud counterclaim contains a dearth of factual allegations. Other than alleging, on information and belief, that Plaintiffs made material misrepresentations to Defendant ARC Trading Company

regarding their hours worked and reimbursements owed, there are no other factual allegations setting out with particularity the facts surrounding these alleged misrepresentations. Plaintiffs are left asking when exactly these alleged misrepresentations were made, to whom specifically they were made, what exactly Plaintiffs misrepresented, and how the statements were made. *See* (DE 23 at ¶¶ 30 – 45). As the allegations are, at least in part, made on information and belief, Plaintiffs are also left asking what forms the basis for the Defendants' belief. As currently pleaded, the allegations in support of Defendants' fraud counterclaim amount to nothing more than speculation and conclusory allegations and therefore should be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Much the same analysis applies to Defendants' counterclaim for conversion. (DE 23 at ¶¶ 46 – 49). Defendants rely on the same factual allegations to support their conversion counterclaim as they relied upon to support their fraud counterclaim. *Id.* These allegations are conclusory and amount to nothing more than an "unadorned, the-defendant-unlawfullyharmed-me" accusation. *See Id.* and compare *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, conversion under Texas law consists of four elements: 1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *See Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App. – Austin 1997, writ denied) (citing *Whitaker v. Bank of El Paso*, 850 S.W.2d 757, 760 (Tex. App. – El Paso 1993, no writ)). Money in particular is subject to claims for conversion only when it can be described or identified as specific chattel. *See e.g. Estate of Townes v. Townes*, 867 S.W.2d 414, 419 (Tex. App. – Houston [14th Dist.] 1993) (citing *Wheat v. American Title Ins. Co.*, 751 S.W.2d 943, 944 n.1 (Tex. App. – Houston [1st Dist.] 1988, no writ)).

In the present case, Defendants have not pleaded sufficient facts to identify the money allegedly converted by Plaintiffs as specific chattel nor have they pleaded any facts to show that Defendants demanded return of any alleged overpayments or that the Plaintiffs refused to return any alleged overpayments. *See* (DE 23 at ¶¶ 30 – 49). As currently pleaded, the allegations in support of Defendants' conversion counterclaim amount to nothing more than speculation and conclusory allegations and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dkt. No. 26 at 16-18 (citations omitted).

Defendants respond that

ARC's Original Counterclaim meets [Rule 9(b)'s] requirements with regard to the fraud counterclaim. For example, ARC alleges that: (1) "during Plaintiff's intermittent employment with ARC Trading Company, Plaintiff made knowing and/or reckless misrepresentations in his time records about the amount of hours he worked;" [Doc. 10, ¶ 29] (2) "Plaintiff made material representations to ARC Trading Company regarding his hours worked and reimbursements owed;" [Doc. 10, ¶ 40] and (3) "Plaintiffs made these misrepresentations to ARC Trading Company with the intent that ARC Trading Company rely upon them in calculating amounts owed to him." [Doc. 10, ¶ 41]. Put simply, ARC listed all required particulars:

| | |
|---|---|
| Time: | During L. Hernandez's employment with Defendant ARC Trading Company |
| Place: | On L. Hernandez's time records and reimbursement submissions |
| Contents: | The hours L. Hernandez worked and expenses incurred |
| Identity: | L. Hernandez |

What he obtained: Compensation to which he was not entitled

L. Hernandez argues that these allegations may only be made on information and belief in situations where the facts relating to the alleged fraud are within the perpetrator's knowledge, which is exactly this case. The person with knowledge about the hours he actually worked is L. Hernandez himself. While Defendants have the time records and expense sheets, it will be L. Hernandez that will provide the information through discovery that shows such time records were falsified.

L. Hernandez further argues that he is "left asking when exactly these alleged misrepresentations were made, to whom specifically they were made, what exactly L. Hernandez misrepresented, and how the statements were made." L. Hernandez's Motion to Dismiss at ¶ 22. However, even a cursory review of ARC's Original Counterclaim answers these questions.

While ARC did not provide exact dates and number of hours falsified, this is not required of it. When Rule 9(b) is read in conjunction with Rule 8(a), it becomes clear that Rule 9(b) does not require absolute particularity. *See United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1386 (D.C. Cir. 1981) (quoting 2A James William Moore, Federal Practice § 9.03, at 9-28 (2d ed. 1980)). Rule 9(b) does not require date, time, and place allegations. *Seville Indus. Mach. v. Southmost Mach.*, 742 F.2d 786,

791 (3d Cir. 1984), cert. denied, 469 U.S. 1211 (1985). So long as defendant has 'fair notice' of the charges against him, the purposes of Rule 9(b) have been satisfied. *United States v. Warning*, Civ. A. No. 93-4541, 1994 WL 396432, *2 (E.D. Pa. 1994) (citing *United States v. Kensington Hospital*, 760 F.Supp. 1120, 1126 (E.D. Pa. 1991)).

       In this case, ARC has provided the required information to put L. Hernandez on notice of the charges of fraud against him, and has satisfied Rule 9(b). Accordingly, L. Hernandez's Motion to Dismiss should be denied. Alternatively, ARC should be granted leave to re-plead its fraud counterclaim.

Dkt. No. 28 at 9-10.

In the face of the Fifth Circuit case law laid out above, Defendants point the Court to decisions dating back two to three decades from other circuits. The Court determines that Defendant ARC Trading Company's fraud counterclaim against L. Hernandez does not plead with adequate particularity the what and when of the alleged fraud.

While Rule 9(b) does not require that a specific date and time always be alleged as to each misrepresentation, as Plaintiffs correctly assert, *see* Dkt. No. 30 at 7, more is required than the general allegations made here regarding purported misrepresentations on time records in Defendants' possession. And, while pleadings may sometimes be based on information and belief, Defendants cannot make conclusory allegations that are not supported by a stated factual basis for their belief that L. Hernandez misrepresented the hours that he worked.

And Defendants' response does not defend at all the conversion counterclaim, which is not supported by factual allegations that would allow the Court to draw the

reasonable inference that Defendants demanded return of any alleged overpayments or that L. Hernandez refused to return any alleged overpayments.

The Court therefore dismisses without prejudice Defendant ARC Trading Company's fraud and conversion counterclaims against L. Hernandez based on factual allegations about his alleged material misrepresentations to ARC Trading Company regarding his hours worked and resulting overpayments to him.

Defendant ARC Trading Company must, by **May 22, 2018**, file amended counterclaims against L. Hernandez, and, if it fails to do so, the fraud and conversion counterclaims against L. Hernandez based on factual allegations about his alleged material misrepresentations to ARC Trading Company regarding his hours worked and resulting overpayments to him will be dismissed with prejudice without further notice.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS Plaintiffs Luis Manuel Hernandez and Gilberto Hernandez's Motion to Dismiss Defendants' Counterclaims Raised in Response to the First Amended Complaint [Dkt. No. 26].

SO ORDERED.

DATED: May 1, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE