IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS MANUEL HERNANDEZ, GILBERTO HERNANDEZ, and all others similarly situated under 29 U.S.C. § 216(b), | §<br>§<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | No. 3:17-cv-2057-BN |
| V. | §<br>§ | |
| ARC TRADING COMPANY, WENRU YOU a/k/a ANN YOU, HARVEST GRANDE INTERNATIONAL, LLC, and YONGFENG LI a/k/a VINCENT LI, | §<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendants ARC Trading Company ("ARC") and Wenru You a/k/a Ann You (collectively, the "ARC Defendants") have filed a motion for partial summary judgment. *See* Dkt. No. 79. Plaintiffs Luis Manuel Hernandez ("Luis") and Gilberto Hernandez ("Gilberto) have filed a response, *see* Dkt. No. 88, and the ARC Defendants have filed a reply, *see* Dkt. No. 91.

Defendants Harvest Grande International, LLC ("Harvest Grande") and Yongfeng Li a/k/a Vincent Li ("Li") (collectively, the "Harvest Grande Defendants") have filed a motion for summary judgment. *See* Dkt. No. 82. Plaintiffs have filed a response, *see* Dkt. No. 86, and the Harvest Grande Defendants have filed a reply, *see* Dkt. No. 92.

For the following reasons, the Court GRANTS in part and DENIES in part the ARC Defendants' motion for partial summary judgment and GRANTS in part and

DENIES in part the Harvest Grande Defendants' motion for summary judgment.

## Background

Plaintiffs assert claims for overtime pay violations under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. §§ 201-219, against the ARC Defendants and for successor liability against the Harvest Grande Defendants.

Luis worked for ARC as a warehouseman/driver from December 15, 2011 until August 2014 and from December 2014 until July 15, 2017. *See* Dkt. No. 49 at 3, 6; Dkt. No. 81 at 6-10. He alleges that he worked an average of 67 hours per week, for which he was paid an average straight time rate of $11.75 per hour, but that he was never paid any overtime wages. *See* Dkt. No. 49 at 6 (Second Amended Complaint); Dkt. No. 81 at 2-5, 11-16.

Gilberto worked for ARC as a warehouseman from January 2013 until March 2015. *See* Dkt. No. 49 at 4, 6; Dkt. No. 81 at 20-23. He alleges that he worked an average of 60 hours per week, for which he was paid an average straight time rate of $7.80 per hour, but that he was never paid overtime wages. *See* Dkt. No. 49 at 6; Dkt. No. 81 at 24-25.

Luis filed his original complaint on August 3, 2017 seeking overtime wages from the ARC Defendants under the FLSA for himself and all other similarly-situated individuals. *See* Dkt. No. 1. Gilberto filed his Notice of Filing Opt-In Consent Form on September 29, 2017. *See* Dkt. No. 8. The Court granted Luis's motion to ratify the opt-in notice on December 22, 2017. *See* Dkt. No. 29.

On February 1, 2018, You transferred 100% of the shares of ARC to Harvest

Grande. *See* Dkt. No. 84 at 28-30. The Shareholder Interest Transfer Agreement contains a liability and indemnification clause in which You agrees to be liable for any claims arising prior to the sale. *See* Dkt. No. 84 at 28-29.

Plaintiffs amended their complaint to add the Harvest Grande Defendants under the doctrine of successor liability. *See* Dkt. No. 49.

The ARC Defendants seek partial summary judgment limiting Plaintiffs' damages to the maximum amount allowed under the FLSA's three-year statute of limitations under a formula based on a monthly average of wages instead of the traditional weekly-average formula.

The Harvest Grande Defendants seek summary judgment under the liability and indemnification clause of the purchase agreement.

The Court now determines that the ARC Defendants' motion for partial summary judgment should be granted in part and denied in part and the Harvest Grande Defendants' motion for summary judgment should be granted in part and denied in part.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict

for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve

all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly

-5-

preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D.

Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I.     The ARC Defendants' Motion for Partial Summary Judgment

The ARC Defendants seek summary judgment limiting Plaintiffs' claims to no more than those that accrued within the FLSA's three-year statute of limitations and to calculate those damages under a formula based on monthly rather than weekly earnings. *See* Dkt. Nos. 79, 80. Plaintiffs agree that their claims are limited by the two- or three-year statute of limitations but disagree with the ARC Defendants' proposed method of calculating damages. *See* Dkt. Nos. 88, 89. The Court grants the motion for partial summary judgment to limit damages to those accruing during the applicable statute of limitations period but otherwise denies the motion.

A.     The Statute of Limitations

The applicable statute of limitations period under the FLSA is outlined in 29 U.S.C. § 255. Section 255 provides that an action must commence within two years after the cause of action accrued if the violation is "unwillful" and within three years after it accrued if the violation was "willful." *Id*.

A cause of action "begins to accrue at each regular payday immediately following the work period during which the services were rendered for which the wage or

-7-

overtime compensation is claimed." *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 272 (5th Cir. 1987), modified on other grounds, 826 F.2d 2 (5th Cir. 1987). In a collective action, the action is "commenced" in the case of an opt-in plaintiff on the date a written consent is filed. *See Lima*, 493 F. Supp. 2d at 803 (citing *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983)).

The parties agree that a fact question at trial will be whether the ARC Defendants' FLSA violations were willful. And Plaintiffs agree that their FLSA claims will be limited by either the two- or three-year statute of limitations. *See* Dkt. No. 89 at 2.

Luis filed his original complaint on August 3, 2017, *see* Dkt. No. 1, and Gilberto filed his written opt-in consent on September 9, 2017, *see* Dkt. No. 5. Thus, Luis's FLSA damages would be limited to those accruing after August 3, 2014 and Gilberto's would be limited to those accruing after September 9, 2014.

B.    The Damages Calculation

Plaintiffs estimated their damages in their May 7, 2018 Initial Disclosures:

**Overtime Damages for Luis Manuel Hernandez:**

- Unpaid overtime during period from August 4, 2014 through on or about July 15, 2017

Overtime rate based on average effective straight time rate of $11.75 per hour = $5.88/hr. half-time rate

$5.88/hr. x 27 average overtime hours per week x 153 weeks = $24,290.28

**Overtime Damages for Gilberto Hernandez:**

- Unpaid overtime during period from August 4, 2014 through on or about March 15, 2015

Overtime rate based on average effective straight time rate of $7.80 per hour = $3.90/hr. half-time rate

$3.90/hr x 20 average overtime hours per week x 32 weeks = $2,496.00

Dkt. No. 90 at 9.

But, during their depositions, Plaintiffs asserted that they were entitled to overtime pay for the entire time they worked for the ARC Defendants.

Luis testified that, with the exception of two or three months in 2012, he worked for ARC from on or about December 15, 2011 until approximately August 2014 and again from December 2014 until July 15, 2017. *See* Dkt. No. 81 at 6-10. Luis further stated that he was owed overtime for every week in which he worked for ARC, from the beginning of his employment until the end of his employment there. *See id.* at 5, 11-16.

Gilberto testified that he worked for ARC for 26 months from January 2013 through March 2015. *See id.* at 20-23. Gilberto also stated that he was owed overtime for every week he worked for ARC, from the beginning of his employment until the end of his employment there. *See id.* at 25. In an affidavit submitted in response to the motion for summary judgment, Gilberto explained that he understood the deposition question to be how much he was claiming in this case for the period of time stated in the initial disclosures and not for the entire period of time he worked for ARC. *See id.* at 49-50.

In their depositions, Plaintiffs were initially asked for a "ballpark number" of

damages they claimed. Luis testified that ARC owed him about $24,000, and Gilberto testified that ARC owed him about $2,000. Defendants' attorneys asked subsequent questions based on those numbers without acknowledging that the numbers were approximations. *See id.* at 17-19, 26-27. In his affidavit, Gilbert explained that when he testified from memory that he was owed $2,000, he was referring to the $2,496 referenced in the initial disclosures. *See id.* at 49.

The ARC Defendants seek to limit the amount of Plaintiffs' potential damages under a formula that differs from the traditional method of calculating damages for overtime wages under the FLSA. The ARC Defendants' calculation derives a monthly average by dividing the damages amount stated in the deposition by the total number of months the Plaintiff worked for ARC to obtain a monthly average, which is then multiplied by the number of months worked for ARC during the statute of limitations. *See* Dkt. No. 80 at 6. For example, the ARC Defendants argue that Luis was employed for 65 non-consecutive months and values his claim at $24,000, which averages $369.23 per month. According to the ARC Defendants, if the factfinder were to find that the two-year statute of limitations applied, Luis's damages would be limited to the 23 months during which he was employed by the ARC during the two-year statute of limitations times the $369.23 monthly average for a total of $8,429.29. Applying that formula, ARC contends that, if the three-year statute of limitations applies, Luis's damages would be limited to $11,815.36. As to Gilberto, the ARC Defendants argue that, if the two-year statute of limitations applies, his claim will be denied entirely, and, if the three-year statute of limitations applies, his damages would be limited to $583.44. *See id.*

The Court declines to apply the ARC Defendants' proposed formula in this case, much less limit Plaintiffs' damages as a matter of law based on that formula. Instead, any damages for unpaid overtime wages will be calculated on a weekly basis. *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.24(B); *see also Henderson v. Fenwick Protective Inc.*, No. 3:14-cv-505-M-BN, 2015 WL 9582755, at *5 (N.D. Tex. Nov. 23, 2015) (calculating damages for unpaid overtime wages under the FLSA).

C.    Request for Show Cause Hearing

The Court also declines to require a show cause hearing for the ARC Defendants to explain "apparent misrepresentations made by counsel for the ARC Defendants concerning Plaintiffs' testimony," as requested by Plaintiffs. *See* Dkt. No. 89. Plaintiffs contend the ARC Defendants' counsel represented that the damages amounts stated by Plaintiffs in their depositions were the actual amount of damages sought instead of approximations, as they initially testified. Although the Court does not approve taking the deponent's testimony out of context, the representations of Plaintiffs' deposition testimony by the ARC Defendants' counsel do not warrant a show cause hearing.

II.    The Harvest Grande Defendants' Motion for Partial Summary Judgment

The Court GRANT in part and DENIES in PART the Harvest Grande Defendants' Motion for Partial Summary Judgment because, even if You unambiguously agreed to be responsible for any and all claims that arose before she sold ARC to Harvest Grande, that does not establish that there is no genuine issue of material fact as to Plaintiffs' claim under the doctrine of successor liability.

You transferred 100% of the ownership of ARC's outstanding shares to Harvest

Grande on September 1, 2018 – 35 months after Gilberto and seven months after Luis quit their jobs at ARC. *See* Dkt. No. 84 at 28-30. The Shareholder Interest Transfer Agreement contains a Liability and Indemnification Clause in which You, on ARC's behalf, agrees to hold Harvest Grande harmless and indemnify Harvest Grande "from any and all claims made by any person or entity which arise out of or are derivative of the...operation of [ARC]." The indemnification clause "is intended to be the most comprehensive possible, and includes any and all claims, known or unknown, arising prior to the Transaction Date, which any person or entity might have against [ARC]." And it includes claims for "loss of earnings and earning capacity, loss of income" and "any and all other loss, expense and/or detriment of whatever kind or character, present, past or future, which any person or entity may now have or hereafter have against [ARC] growing out of, resulting from, giving rise to, or connected in any manner with the business engagements and operation of [ARC]." *Id.* at 28-29; *see also id.* at 26-27 (deposition testimony of Harvest Grande's corporate representative, Wenru Li).

Plaintiffs have not argued or provided any evidence to suggest that the Liability and Indemnification Clause is ambiguous. But Plaintiffs correctly note that the existence of such an agreement does not automatically determine liability under the successor liability doctrine. Plaintiffs argue that the liability and indemnification clause is irrelevant and does not address the issue of successor liability under the nine factors identified in *Rojas v. TK Commc'ns, Inc.,* 87 F.3d 745, 750 (5th Cir. 1996), to determine whether successor liability should be imposed, *see* Dkt. No. 87 at 4.

The Court agrees. Whether a predecessor may have indemnification obligations

to a successor for any judgment entered against the successor for pre-sale liabilities is a separate matter from whether a successor can be liable to Plaintiffs in the first instance—possibly triggering a contractual indemnification obligation of the predecessor to the successor—under the doctrine of successor liability for the predecessor's FLSA violations. *See Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 940-46 (N.D. Tex 2014).

Because, in seeking summary judgment as to successor liability, the Harvest Grande Defendants rely only on the liability and indemnity agreement that allegedly unambiguously provides that You agreed to be liable for all claims arising prior to September 1, 2018, the Court DENIES the Harvest Grande Defendants' motion for summary judgment as to Plaintiffs' claims based on successor liability.

But, as to Plaintiffs' claims that the Harvest Grande Defendants are liable as Luis's joint FLSA employer from on or about September 29, 2016 through on or about July 15, 2017, the summary judgment evidence shows that the Harvest Grande Defendants do not know who Plaintiffs are, *see id.* at 2-5 and Plaintiffs were never employed or paid wages by Harvest Grande or Li, *see id.* at 6-8. It also shows that Plaintiffs' quit their jobs with ARC prior to September 1, 2018 – Luis on July 15, 2017, *see id.* at 15, and Gilberto sometime in March 2015, *see id.* at 20.

Contrary to Plaintiffs' contention, the Harvest Grande Defendants have provided summary judgment evidence to negate their liability as Plaintiffs' joint employers under the FLSA or their ability to control You and ARC. *See* Dkt. No. 87 at 4. It is Plaintiffs who have not come forward with summary judgment evidence to create a fact issue as

to whether the Harvest Grande Defendants are liable to Plaintiffs under the FLSA as joint employers – directly, rather than under the doctrine of successor liability.

Accordingly, the Court GRANTS the Harvest Grande Defendants' motion for summary judgment as to Plaintiffs' claims against them as joint employers – as opposed to under the doctrine of successor liability as to the alleged FLSA liabilities of the ARC Defendants – and dismisses those claims against the Harvest Grande Defendants.

## Conclusion

The Court GRANTS in part and DENIES in part ARC Trading Company and Wenru You a/k/a/ Ann You's Motion for Partial Summary Judgment [Dkt. No. 79]. The Court grants the motion only as to the undisputed contention that Plaintiffs' damages will be limited by either the two-year or three-year statutes of limitations, and the motion is otherwise denied.

The Court GRANTS in part and DENIES in part Defendants Harvest Grande International, LLC and Yongfeng Li a/k/a Vincent Li's Motion for Summary Judgment [Dkt. No. 82] and dismisses with prejudice Plaintiffs' claims against Harvest Grande International, LLC and Youngeng Li a/k/a Vincent Li as Plaintiffs' alleged joint employers under the FLSA but does not dismiss Plaintiffs' claims against Harvest Grande International, LLC and Youngeng Li a/k/a Vincent Li under the doctrine of successor liability as to the alleged FLSA liabilities of the ARC Defendants.

SO ORDERED.

DATED: November 1, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE